THE STATE, MARY E. GREEN, PROSECUTRIX, v. THE CITY OF PERTH AMBOY.

Section 1, chapter 287, of laws of 1892, page 444, approved April 9th, 1892, authorizes the common council of third-class cities to appoint three judicious and disinterested citizens of the city as commissioners to assess damages for land taken for improvements therein stated.   The record brought up fails to show the appointment of persons so qualified, and all proceedings as to such appointment, and thereafter had, should be set aside.

---

On *certiorari.*

Argued at June Term, 1894, before Justices DIXON, REED and ABBETT.

For the prosecutrix, *J. R. & N. English.*

For the defendant, *John W. Beekman.*

The opinion of the court was delivered by

ABBETT, J.   The prosecutrix owns a house and lot in Perth Amboy, fronting on Lewis street.   In 1892 there was a street on the westerly side of her house, called Rector street. The improvement cuts off a strip about ten feet wide by one hundred and sixty-four feet long, and also a portion of the house occupied by prosecutrix as a summer residence.   An

ordinance was passed July 20th, 1892, "to open Rector street from Gordon street to Lewis street." The first section provided "that Rector street be and the same is hereby extended and opened from Gordon street, southerly, through lands of the grantees of James M. Chapman, deceased, and others, as the same was intended to have been laid out in 1856." The second section provides "that the centre line of said street shall be laid out parallel with High, and at the distance of three hundred and forty-three feet from the easterly line thereof, said street to be fifty feet in width throughout its entire length." Commissioners of assessment were appointed December 12th, 1892, and they awarded prosecutrix $525.31 damages for land taken, and assessed the property left after the improvement for $52.40, which award and assessment were afterwards ratified and confirmed by the common council. August 14th, 1893, a writ of *certiorari* was allowed, removing said ordinance and all proceedings thereunder.

Among the reasons presented for setting aside the proceedings and assessment are the following :

The commissioners who assessed the damages of the prosecutrix were not appointed in accordance with the provisions of the statute. The statute says : "It shall be lawful for the common council to appoint three judicious and disinterested citizens of the city to make the estimate."

The report of the commissioners was not made sufficiently in detail to enable the common council to determine the principle upon which the estimate and assessment were made; nor do they state such principles in their report.

The prosecutrix should not have been assessed for benefits to her lands from the so-called improvement, as it does not appear that she derived any benefit therefrom, and the evidence shows that she did not derive any therefrom.

The said act does not give power to take and condemn buildings and tenements, and does not give power to take part of one, as is done in this case.

The proceedings of the council fail to show affirmatively that the three commissioners to make the estimate were judi-

cious and disinterested citizens of Perth Amboy, and are therefore defective. The evidence also clearly shows that the prosecutrix has not been allowed sufficient money to compensate her for cutting away part of her house and taking fifteen feet of her land. There was unnecessary and improper delay in attacking the proceedings culminating in the passage of the ordinance, and the city having proceeded in good faith to spend money and make the improvement, all proceedings including and prior to the ordinance will be allowed to stand, but the appointment of commissioners and all proceedings thereafter are set aside.